[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE
On September 4, 1998, the court, Stodolink, J., rendered a decision in which the court dismissed the plaintiff's appeal in the case of Hanes v. Board of Education, judicial district of Fairfield at Bridgeport, Docket No. 328850. In a motion dated September 23, 1998, the plaintiff has now filed a motion to reargue the aforementioned dismissal of the appeal. Specifically, the plaintiff argues that she is entitled to reargue on the CT Page 9285 grounds that 1) the court should have used a "clear and convincing" standard rather than one of "some evidence" and 2) the court's decision deprives the plaintiff of her seventh amendment rights. For the reasons set forth below, the court finds the plaintiff's arguments without merit and thus denies the plaintiff's motion to reargue.
The plaintiff's first basis for the motion to reargue concerns the court's use of the "substantial evidence" standard to review the board's decision in light of the administrative record rather than a "clear and convincing" standard. The plaintiff argues that the factual background of the appeal lends itself to the application of the higher standard. Specifically, the plaintiff argues that the board's allegations against her amount to charges of criminal and fraudulent conduct which must be proved by a "clear and convincing" standard.
While the court notes that the plaintiff is correct in asserting that the elements of fraud must be proved in a clear and convincing fashion; see Citino v. Redevelopment Agency of theCity of Hartford, 51 Conn. App. 262, 270, (1998); the court does not agree with the plaintiff that the present case lends itself to such an application of the law. For one, despite the assertions of the plaintiff, the present case does not implicate any sort of criminal misconduct on the part of the plaintiff. Indeed, at no time was the plaintiff ever in any danger of being subject to the penal codes.
Moreover, the board never made any implicit or explicit finding that the plaintiffs conduct was of a fraudulent nature. Rather, the board felt that the evidence on the record was sufficient in finding that the plaintiffs employment contact could be terminated because of "moral misconduct" based on cumulative evidence which suggested that the plaintiff had tampered with and altered answers on certain statewide exams. Regardless, the board did not find that the plaintiffs action constituted fraud. As such, the court had no occasion and no reason to review the plaintiffs actions under a clear and convincing standard.[1] Rather, as explicitly provided for by the relevant statutes, General Statutes §§ 10-151 (d) (e) and 4-183 (j), the court reviewed the record of the board's decision pursuant to the substantial evidence rule.
In the alternative, the plaintiff argues that the court should grant the motion to reargue because the court's decision CT Page 9286 deprives the plaintiff of her seventh amendment rights. The court briefly notes that the United States Supreme Court has held that the seventh amendment's guarantee to a trial by jury in civil actions only applies to federal court actions and is not applicable to the state through the fourteenth amendment. Curtisv. Loether, 415 U.S. 189, 192 n. 6, 94 S.Ct. 1005, 39 L.Ed.2d 260
(1974); see also L R Realty v. Connecticut National Bank,246 Conn. 1, 9, 715 A.2d 748 (1998). As such, the court finds the plaintiff's alternative argument without merit.
The plaintiff's motion to reargue is, accordingly, denied.
STODOLINK, J.T.R.